**Garland COOK, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 25, 1966.

John W. Coomes, New Castle, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., for appellee.

MILLIKEN, Judge.

This is an appeal from a conviction for throwing a missile, a block of wood, "calculated to produce death or great bodily harm," at a speeding automobile in violation of KRS 435.190(2).

On September 19, 1964, about 3:00 a. m., William H. Brummett, a policeman of Shelbyville, Kentucky, operating a police cruiser with his lights off, saw a car stopped at 7th and Clay Streets in Shelbyville. Brummett flashed his spotlight on the car, a 1955 Chevrolet, which took off at high speed. Brummett, following in hot pursuit, radioed to another police cruiser operated by William S. McClain to set up a road block. McClain did this, but the Chevrolet went around the road block as McClain shot up in the air twice. Brummett followed the car at a very high speed to Big Bullskin Bridge about three miles west of Shelbyville, Kentucky, toward Louisville on U. S. Highway 60, where his police cruiser struck a mail box about 150 feet west of the bridge, throwing him from the car and injuring him.

The defendant, Garland Cook, was riding in the 1955 Chevrolet which was owned and operated by his cousin, Edwin McGaughey. They had been to a party and were in the vicinity of the McGaughey home when the policeman, William Brummett, flashed his spotlight on the McGaughey car. McGaughey speeded away just to see if he could outrun the police car. McGaughey admits running the road block and seeing the police cruiser chasing him, but denies any knowledge of a wreck and contends that the police cruiser was not even in sight when he went over Big Bullskin Bridge. A few hours later Cook and McGaughey were picked up at an allnight restaurant by a State Trooper and brought back to Shelbyville. McGaughey paid a fine for speeding.

In the hospital Brummett said that he recognized Garland Cook leaning from the McGaughey car and something had been thrown by Cook causing the cruiser to wreck. Cook did not testify at the trial, but McGaughey denied that either he or Cook shot at the police cruiser or threw anything at it.

About three hours or more after the wreck, Jake Brummett, Chief of Police, found a chunk of wood three feet off the paved portion of U. S. Highway 60 on the south side of the road and about fifteen

feet from the west end of the bridge. Arvie Wriston, an unrelated and disinterested witness, testified that he, while operating a tractor and wagon across the bridge in the middle of September (tobacco cutting time) about 10:00 o'clock one morning, saw the block of wood which was introduced by the Commonwealth. Jake Brummett contends that he found the block of wood about 6:00 a. m., three hours after the wreck.

Garland Cook was indicted under KRS 435.190(2) for throwing a stone or other missile or shooting at or into a motor vehicle operated by W. H. Brummett, calculated to produce death or injury, whereby W. H. Brummett was injured. Cook was tried and, as a result of a jury verdict, was sentenced to one year in the Kentucky State Reformatory.

■ The appellant contends that the block of wood, an eight inch piece of a 4 x 4 which was sawed slantingly at one end and thus made suitable for use as a chock block, was improperly admitted in evidence. Officer Brummett, of course, could not identify the block as the object thrown from the car. All he could say was that Cook threw something from the car. When Chief Brummett found the block at dawn it was on the side of the road within a few feet of the first skid marks made by the police cruiser before it wrecked. A slight blue stain on the block was the color of the cruiser's wheels. We think that the trial court acted properly in admitting the block into evidence, for it was linked sufficiently by time, place and stain to qualify it as circumstantial evidence that it was what was thrown from the car. Furthermore, since the block was suitable for chocking a car wheel, it would not be unreasonable to at least suspect that it had been in the speeding Chevrolet. The appellant complains about the block being exposed to jury view during the trial before it was introduced and admitted which allegedly gave it undue emphasis and prejudiced the jury. We do not agree that that was prejudicial in this instance, for there was nothing gruesome or unsightly about the block calculated to unduly impress or influence the jury. It was just a block of wood of no particular significance until admitted into evidence after which it became the symbol of a foolish, brash, criminal act.

■ The appellant also contends that he was entitled to an instruction under subsection (1) of KRS 435.190, the subsection of the statute which deals with recklessly throwing a stone or other missile at or into a passenger vehicle traveling on the public highway as distinguished from throwing a missile "calculated to produce death or great bodily harm" at or into such a vehicle which is the gravamen of subsection (2) of the statute, the subsection under which Cook had been indicted and for violation of which the penalty is greater. In the proper factual situation we would agree with this contention, but in the light of the circumstances presented in this case where the speed of the cars approximated 100 miles an hour, anything which could be characterized as a stone or a missile which was recklessly thrown at or into the pursuing car could readily be "calculated to produce death or great bodily harm." Officer Brummett said he saw Cook throw something in those circumstances, and immediately the accident happened. We find no mitigating circumstances which would justify an instruction under subsection (1).

■ There is the further contention that Officer Brummett's testimony discloses that the object thrown from the Chevrolet was not thrown at or into the police cruiser but into the road in front of it. Again, the speed of the vehicles and their proximity to each other makes "at" or into the road "in front" of the pursuing car amount to the same thing for practical purposes. Either a hit or a miss is encompassed into the word "at" in such circumstances. It was proper to give no instruction under KRS 435.170(4) making it an offense to throw a stone or missile into a "motor vehicle occupied by any person," for the more specific offense charged here

is for such a throwing when the vehicle is "stationary or traveling upon a public highway in this state." We think the instructions gave the whole law of the case. The failure of the indictment to include the word "recklessly" did not mislead the appellant. Such defects should be reached before trial under RCr 8.18.

The judgment is affirmed.